NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NEW JERSEY SPINAL MEDICINE & SURGERY PA, | : : : : : : : : : : : | Hon. **Dennis M. Cavanaugh** |
| Plaintiff, | | **OPINION** |
| v. | | Civil Action No. 11-CV-5493 (DMC)(MF) |
| IBEW LOCAL 164, | | |
| Defendants. | | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

      This matter comes before this Court upon the motion of Plaintiff New Jersey Spinal Medicine & Surgery PA (hereinafter, "Plaintiff" or "NJSMS") to remand to the Superior Court of New Jersey, Bergen County (ECF No. 4). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's motion to remand is **granted**.

**I.     BACKGROUND**

      This case involves service provider New Jersey Spinal Medicine and Surgery PA (hereinafter, "Plaintiff" or "NJSMS") and Matthew Henderson (hereinafter, the "participant" or "Mr. Henderson"). NJSMS provided services to Plaintiff Henderson as a patient. Defendant is Joint Welfare Fund, Local Union No. 164, I.B.E.W. (hereinafter, the "Defendant" or the "Fund").

1

The Fund insures Mr. Henderson.  Plaintiff is an out of network insurance provider. (Pl.'s Mot. 1, Oct. 6, 2011, ECF No. 4).  Plaintiff NJSMS must obtain pre-certification from Defendant approving coverage of services provided to patients.  (Pl.'s Reply 1, Nov. 2, 2011, ECF No. 10).  Pre-certification was obtained by Dr. Dante Implicito, an employee of Plaintiff, authorizing him to perform surgery on Mr. Henderson.  Id.  Defendant promised to pay customary, reasonable and usual fees for the services provided.  Id.  Plaintiff's complaint is based on the allegation that the rate at which Defendant made payment was lower than what is customary, reasonable and usual.  Id.

Plaintiff filed the action in the Superior Court of New Jersey, Bergen County.  Defendant removed the case to this Court on September 22, 2011 (ECF No. 1), claiming that ERISA mandates removal.  Plaintiff now seeks remand to the state court.

**II.**    **STANDARD OF REVIEW**

A civil action filed in state court may be removed to federal court if the claim is one "arising under" federal law.  28 U.S.C. §§ 1331, 1441(a).  Under the "well-pleaded complaint" rule, the Plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).  To support removal, "'[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the [Plaintiff's] cause of action.'" Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-1 (1983) (citation omitted).  Federal pre-emption is ordinarily a defense to a Plaintiff's suit and, as such, does not appear on the face of a well-pleaded complaint.  Pascack Valley Hosp., Inc. v. Local 464A, 388 F.3d 393 (3d Cir. 2004) (citing Anderson, 539 U.S. at 6; also Franchise Tax

Bd., 463 U.S. at 12).

**III.   DISCUSSION**

The issue in this case is whether Plaintiff's case is completely pre-empted by the ERISA statute thus requiring federal court review.  Defendant alleges that Plaintiff has no independent contract with Defendant and therefore the claim is pre-empted.  (Def.'s Mot. 9, Oct. 24, 2011, ECF No. 6).  Plaintiff persuasively avers that an independent contract does exist.  (Pl.'s Reply 1).  Plaintiff's point is supported by the argument that this case hinges upon whether the amount of payment was proper, which requires interpretation of the contract itself.  Id. at 2.  The issue presented by Plaintiff depends upon the contract terms.  Since Plaintiff's claims essentially allege a breach of contract claim, this matter does not require interpretation under the ERISA statute and thus is appropriate for review by the state court.

To be completely pre-empted, Plaintiff's claim must fall under ERISA's civil enforcement mechanism found at § 502(a) and there must be no other legal duty supporting Plaintiff's claim.  Pascack, 388 F.3d at 400.  Section 502(a) allows a "participant or beneficiary" to bring a civil action.  Id.  In other words, status as a "participant or beneficiary" is required for standing under § 502(a).  Franchise Tax Bd., 463 U.S. at 27.  Without that status, Plaintiff "does not have standing under ERISA to sue in its own right."  Pascack, 388 F.3d at 400.

Defendants argue that Plaintiff is assignee of benefits and is therefore a beneficiary with standing under § 502(a).  (Def.'s Mot. 6).  This Court is not convinced that, as Plaintiffs explain, by "marking box 27 'acceptance of assignment' on the Health Insurance Claim Form," Plaintiff has accepted an assignment.  (Pl.'s Reply 2).  Further, this Court is not persuaded that via assignment, Plaintiff therefore must bring this action in federal court.  Id.  This Court is

cognizant of the serious doubts expressed by the Third Circuit, citing the ILGWU case, as to whether the claimant could assign the right to sue in federal court along with substantive rights under the plan.  Pascack, 388 F.3d at 401 n. 7 (citing Ne. Dept. ILGWU Health & Welfare Fund v. Local 229, 764 F.2d 147, 154 n. 6 (3d Cir. 1985)).  More recent cases have explicitly refused to reach this issue.  See Pascack, 388 F.3d at 401 n. 7 (declining to express opinion on derivative standing to sue under ERISA § 502(a)); Cmty. Med Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 F.App'x 433, 435 (3d Cir.2005) (noting that it would not resolve parties' dispute over whether Third Circuit law would permit a party to obtain standing to sue under ERISA § 502(a) by assignment).

Plaintiff's claim is not completely preempted under ERISA's civil enforcement mechanism.  Therefore, remand to state court is appropriate in this case.

**V.    CONCLUSION**

For the foregoing reasons expressed herein, this Court hereby **grants** Plaintiff's motion to remand to the Superior Court of New Jersey, Bergen County.  An appropriate order filed this day follows this opinion.

                                                    s/ Dennis M. Cavanaugh  
                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:          May   31st  , 2012  
Orig.:         Clerk  
cc:           All Counsel of Record  
              Honorable Mark Falk, U.S.M.J.